IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| Paul Weston, M.D. | ) | |
| | ) | C.A. No.: 1:05-2518-RBH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| Margaret J. Weston Medical Center | ) | |
| and Margaret J. Weston Medical | ) | |
| Center Board of Directors (In their | ) | |
| official capacity), | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

This action arises under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621

*et seq*. Defendants have filed [19] Motion to Dismiss and/or for Summary Judgment, and the plaintiff

has filed a response in opposition.

This matter is now before the undersigned for review of the Report and Recommendation ("the

Report") filed by United States Magistrate Judge Joseph R. McCrorey, to whom this case had

previously been assigned pursuant to 28 U.S.C. § 636 and Local Rule 73.02(B)(2)(g). Magistrate Judge

McCrorey recommends that the defendants' motion to dismiss or for summary judgment be granted on

the basis of the doctrine of res judicata.

### SCOPE OF REVIEW

In conducting its review, the Court applies the following standard:

The magistrate judge makes only a recommendation to the Court, to which any party
may file written objections . . . . The Court is not bound by the recommendation of the
magistrate judge but, instead, retains responsibility for the final determination.  The
Court is required to make a *de novo* determination of those portions of the report or

1

> specified findings or recommendation as to which an objection is made.  However, the
> Court is not required to review, under a *de novo* or any other standard, the factual report
> and recommendation to which no objections are addressed.  While the level of scrutiny
> entailed by the Court's review of the Report thus depends on whether or not objections
> have been filed, in either case, the Court is free, after review, to accept, reject, or modify
> any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations

omitted).

## LEGAL ANALYSIS

### *RES JUDICATA*

The defendants contend that this action is barred by a prior state court action by the plaintiff

against the defendants for breach of contract, breach of contract accompanied by fraudulent act, gross

negligence, bad faith, and retaliation.  During the pendency of the South Carolina state lawsuit, the

South Carolina Human Affairs Commission and the Equal Employment Opportunity Commission

issued Right to Sue letters regarding the plaintiff's discrimination case. (Exhibits 10 and 11 to

Defendant's [19] Memorandum in Support of Motion for Summary Judgment).  The plaintiff did not

seek to amend his state court lawsuit or request voluntary dismissal of the claims in order to proceed

in federal instead of state court.  In the state court action, a jury awarded the plaintiff $200,000 in actual

damages and $300,000 in punitive damages. (Exhibit 15).

"[A] federal court must give to a state-court judgment the same preclusive effect as would be

given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren*

*City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984).  This Court must accordingly analyze South

Carolina law pertaining to res judicata to determine whether this action is barred by the earlier state

action.  South Carolina law regarding res judicata is set forth in *Plum Creek Development Co., Inc. v.*

2

*City of Conway*, 334 S.C. 30, 512 S.E.2d 106 (1999).  In *Plum Creek*, the South Carolina Supreme

Court states:

> Res judicata is the branch of the law that defines the effect a valid judgment may have on subsequent litigation between the same parties and their privies.  Res judicata ends litigation, promotes judicial economy and avoids the harassment of relitigation of the same issues.  J. Flanagan, *South Carolina Civil Procedure* p. 642 (1996).
>
> Res judicata bars subsequent actions by the same parties when the claims arise out of the same transaction or occurrence that was the subject of a prior action between those parties . . . Under the doctrine of res judicata, "[a] litigant is barred from raising any issues which were adjudicated in the former suit and any issues which might have been raised in the former suit.". . . To establish res judicata, the defendant must prove the following three elements: (1) identity of the parties; (2) identity of the subject matter; and (3) adjudication of the issue in the former suit. . .

*Id.*, 512 S.E.2d at 108-109.  In *Plum Creek*, the court held that an action for damages concerned the

same subject matter as a prior action for writ of mandamus even though the remedies requested were

different and that the second action was therefore barred by res judicata.

South Carolina courts  hold that the doctrine of res judicata applies to issues adjudicated in the

prior suit and issues which could have been raised.  *Hilton Head Center of S.C. v. Public Service*

*Comm'n*, 294 S.C. 9, 362 S.E.2d 176 (1987).

The Court agrees with the Magistrate Judge that the elements of res judicata have been met in

this case.

Plaintiff contends in his objections that the Magistrate Judge erroneously applied the federal

doctrine of res judicata instead of state law.  However, although the Magistrate Judge cited some Fourth

Circuit decisions applying the law of various states regarding res judicata, he clearly relied on South

Carolina law in reaching his recommendation in the case.

3

Plaintiff also contends that, when applying the elements of res judicata set forth in South Carolina case law, the second and third prongs of the test have not been met. In other words, he admits the federal action involves the same parties as the state action, but he asserts that they lack the same subject matter and issues. Plaintiff asserts that the state lawsuit "centered around claims of breach of contract and breach of contract accompanied by fraudulent act" and that the elements of those claims are different from the elements required to prove age discrimination under the ADEA.

The court overrules the objections and finds that the case at bar does concern the same subject matter as the prior state action in that both cases involve the termination of the plaintiff from his employment with the defendants, and the same underlying facts are alleged in both Complaints. *See McLeod v. Sandy Island Corp.*, 264 S.C. 463, 215 S.E.2d 903, 904 (1975) ("There is here identity of parties and of the subject matter in the two proceedings, the subject matter of both being the continuing, indivisible responsibility of the appellant to pay alimony and child support . . ."). *See also*, *Allen v. Greenville County*, 712 F.2d 934 (4th Cir. 1983) (Federal civil rights action alleging racial discrimination barred by prior South Carolina state action for breach of contract); *O'Grady v. MCI Telecommunications Corp.*, 103 F.3d 119 (4th Cir. 1996)(unpublished)(Title VII action in federal court barred by prior Virginia action for intentional infliction of emotional distress, wrongful termination, and intentional interference with contractual relations); *Briggs v. Newberry County*, 989 F.2d 491 (4th Cir. 1993)(unpublished)(federal action under 42 U.S.C. § 1983 barred by prior South Carolina state action regarding contract). In addition, the plaintiff could have raised the ADEA claims in her state court lawsuit and therefore these issues are barred since they could have been raised in the first lawsuit. *See* 29 U.S.C. § 626(c)(1); *O'Grady v. MCI Telecommunications Corp.*(applying res judicata although right to sue letter had not been received from EEOC).

4

For the foregoing reasons, the undersigned overrules all objections, adopts and incorporates the Report and Recommendation of the Magistrate Judge, and **GRANTS** the defendants' motion to dismiss or for summary judgment.

**AND IT IS SO ORDERED**.

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, S.C.
September 20, 2007

5